**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: } | |
| } | Chapter 11 |
| THE BON-TON STORES, INC., et al[1] } | |
| } | Case No. 18-10248 |
| Debtor } | |
| } | |
| } | |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. §362(d)* (hereafter the "Motion) file by Delores Sim (the "Movant"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §157 and §1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper in this Court pursuant to 28 U.S.C. §1408 and §1409; abd it appearing that no other or further notice need be provided; and after considering objections to the Motion, if any; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is **Granted**, as set forth herein.

2. The Automatic Stay is lifted for the sole purpose of allowing the Movant to prosecute and liquidate her claim by either litigation, settlement ADR, trial or any other means against the Debtor in the Civil Action in the New York State Supreme Court, County of Erie, State of New York, assigned Index Number 805904/2017 (the "Civil Action") to pursue recovery solely against the proceeds of the applicable insurance coverage (the "Insurance Proceeds") available to the Debtors under the applicable insurance policy(the "Insurance Policy"). The Movant may further prosecute or defend any resulting appeal(s), and enforce any judgment solely against the Insurance Proceeds.

---

1 The Chapter 11 Debtors are, along with the last four digits of each Debtor's Federal Tax Identification number, as follows:  The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075).  The headquarters for the above-captioned Debtors is 2801 East Market Street, Bldg. E, York, Pennsylvania 17402.

Notwithstanding the foregoing, in the event the Insurance Policy is unavailable, in whole or in part, to the Movant due to coverage terms, or exclusions, or coverage limits, or any other reason, then the Movant shall have the right to file a claim against the Debtors, or their estates, limited to that portion of the claim not satisfied by the Insurance Policy. In such event, the Automatic Stay pursuant to section 362 of the Bankruptcy Code shall be reinstated in full effect with respect to the Civil Action without prejudice to the Movant's right to file a new motion for relief from the Automatic Stay. Any claim filed in these bankruptcy cases by the Movant in accordance with this Order shall have no greater or lesser right than other similarly situated creditors. Likewise, if such claim is filed, the Debtors and their estates retain their right to raise any and all defenses or counterclaims to that claim. For the avoidance of doubt, nothing contained herein is intended to excuse the Movant's obligation to comply with claim filing deadlines established by this Court.

3.  Except as otherwise provided in paragraph 2 herein, the Movant waives the right to seek satisfaction of, and shall be permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution or any other payment amount resulting from or in connection with the Civil Action or on account of any other claims against any of the Debtors and the Debtors' estates, including, without limitation, seeking payment of any judgment, award, settlement, claim, distribution or any other payment from the Debtors and the Debtors' estates in the event insurance coverage is denied under the applicable Insurance Policy by the respective insurers or underwriters.

4.  Except as otherwise set forth herein, nothing in this Order shall impair, modify, limit, or expand the rights and duties of (i) Movant; (ii) the Debtors, including without limitation, the Debtors; rights or obligations, if any, under the applicable Insurance Policy, including the Debtors' obligations to satisfy any amounts due and owing under the applicable Insurance Policy; and (iii) the insurer in connection with the applicable Insurance Policy.

5.  The Automatic Stay shall otherwise remain in full effect.

6.  Nothing herein is intended to or shall be deemed to be a stipulation, agreement, warranty, or admission, by the Debtors or their estates that (i) the Debtors or their estates are liable to the Movants for any amounts or (ii) any cause of action, claims, or damages alleged in the Civil Action are covered in whole or in part under any of the Debtors insurance policies. For the avoidance of doubt, nothing herein is intended or shall be deemed to alter in an way the rights, duties, obligations, terms, conditions, or provisions under the Debtors' applicable Insurance Policy.

7.  This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Dated: September 25th, 2018**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**