# United States Bankruptcy Court
## District of Delaware

In re The Bon-Ton Stores, Inc.            Case No. 18-10248 (MFW)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Name of Transferee:** | **Name of Transferor:** |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA | HoMedics USA, LLC |
| **Name and Address where notices to transferee should be sent:** | Court Claim # (if known): **3458**<br>Amount of Claim: **$193,543.01**<br>Date Claim Filed: **May 10, 2018** |
| National Union Fire Insurance Company of Pittsburgh, PA<br>c/o Adam L. Rosen PLLC<br>Attn: Adam L. Rosen<br>2-8 Haven Avenue, Suite 220<br>Port Washington, NY  11050 | HoMedics USA, LLC<br>Attn:  Rick Hoffman<br>FKA Distributing Co., LLC<br>3000 Pontiac Trail<br>Commerce Township, MI  48390 |
| Last Four Digits of Acct #:_____<br>Phone: (516) 407-3756 | Last Four Digits of Acct #:_____<br>Phone: (248) 863-3000 |

Name and Address where transferee payments should be sent (if different from above):

Last Four Digits of Acct #:_____
Phone:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____*s/Adam L. Rosen*_____             Date:  November 2, 2018
           Adam L. Rosen

**ADAM L. ROSEN PLLC**
Attorneys for National Union Fire Insurance Company of Pittsburgh, PA

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## District of Delaware

In re The Bon-Ton Stores, Inc.                    Case No. 18-10248 (MFW)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 3458 (if known) was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _____ (date).

**Name of Transferor:**

HoMedics USA, LLC

**Address of Alleged Transferor:**

Attn: Rick Hoffman
FKA Distributing Co., LLC
3000 Pontiac Trail
Commerce Township, MI  48390

**Name of Transferee:**

National Union Fire Insurance Company of Pittsburgh, PA

**Address of Transferee:**

c/o Adam L. Rosen PLLC
Attn: Adam L. Rosen
2-8 Haven Avenue, Suite 220
Port Washington, NY  11050

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                        **CLERK OF THE COURT**

AIG Claims, Inc.
TCPRClaimsUS@aig.com



# PROOF OF LOSS FORM (COMPANIES)
# TRADE CREDIT INSURANCE

**SECTION I. CONTACT INFORMATION**

A. INSURED NAME: FKA Distributing Co., LLC
   Address: 3000 Pontiac Trail  Commerce Township, Michigan  48390
   Contact Name: Rick Hoffman     E-mail Address: rick.hoffman@homedics.com   Tel. No.: 248.863.3000

B. BUYER NAME: The Bon-Ton Stores, Inc.
   Address: 2801 E. Market Street, Building E, York, PA 17402     Country: USA
   Contact Name: _____  E-mail Address: _____  Tel. No.: _____

C. BROKER NAME (if applicable): _____
   Contact Name: _____  E-mail Address: _____  Tel. No.: _____

D. LOSS PAYEE NAME: (if applicable): _____

**SECTION II. POLICY INFORMATION**

A. Policy No.: 1155-6766     B. Policy Effective Date: 3/1/17 to 3/1/18

**SECTION III. LOSS INFORMATION**

First Claimed Shipment Date: 9/14/17     First Default Date: _____     If Insolvency, Date: 2/4/18

**SECTION IV. SUMMARY OF TRANSACTIONS AND TOTAL AMOUNT CLAIMED**

Contract Currency: USD
Total Gross Amount of Invoices Outstanding: 263,576.00

*Less*
Partial payments: _____
Eligible discounts: _____
Offsets: 28,584.59
Other Deductions: 41,448.40

Total Amount Claimed: 193,543.01

I hereby warrant and certify that the information furnished herein is true and correct, and no material fact relating to the transactions hereinabove described has been withheld. I agree to submit such additional information to, and take such action as may be requested by the Company pursuant to the policy, and to execute the Section V. Release and Assignment or alternative release and assignment form, if prescribed separately by the Company.

Signature of Authorized Representative of the Insured: *[signature]*

Print Name: Rick Hoffman     / Title: Credit Manager     / Date: 6/11/18

1

### Section V. Release and Assignment

The **Insured** has the option of using this Section V. Release and Assignment by checking the box and signing below. This will expedite payment of this **Claim** in the event of claim approval. The **Company** or the **Insured** may later opt out of this Section V. Release and Assignment upon providing written notice to the other party prior to issuance of an indemnity payment by the **Company**. If either party opts out of this Section V. Release and Assignment, a mutually agreed alternative release and assignment form must be executed by the Insured prior to the Company's issuance of the claim payment.

*Definitions*
**Policy:**   The identified **Policy** under Page 1. Section II of this Proof of Loss form
**Insured:**  The company named in the **Policy** as the **Insured**
**Buyer:**    The company named under Page 1. Section IB of this Proof of Loss form
**Company:**  The AIG **Company** that issued the **Policy**

WHEREAS, the **Company** issued the **Policy** to the **Insured**;

AND WHEREAS, the **Insured** submitted a claim to the **Company** under the **Policy** on the **Buyer** (the "**Claim**");

NOW THEREFORE, the **Insured** and the **Company** agree that, upon receipt of the indemnity payment by the **Company** to the **Insured**:

1) The **Insured** does release the **Company** from all claims, actions, and causes of action of whatsoever character and description which the **Insured** ever had, now has or hereafter can, shall or may have relating to this **Claim**;

2) The **Insured** does hereby assign, transfer and set over to the **Company**, their successor and assigns, all sums of money now due, or to become due from the **Buyer** and any and all contracts, security and evidences of indebtedness, to have and to hold the same, with full power to collect and enforce the same, for their own use and benefit by any action or proceeding in the name of the **Insured** or otherwise, and to provide all reasonable cooperation and perform legal steps proper or necessary in connection herewith;

3) All sums received from the **Buyer** or any other party as or toward payment of the **Buyer's** indebtedness will be shared as provided for in the terms and conditions of the **Policy**;

4) If the **Buyer** is in a formal bankruptcy process, the **Insured** agrees that the final amount accepted by the bankruptcy court (or similar type of insolvency administrator) is the maximum that may be claimed by the **Insured** and that a revised calculation of the amount of Indemnity payment will be made by the **Company** which may result in an additional Indemnity payment or a refund of all or part of the of part of the Indemnity payment by the **Insured** to the **Company**.

☒ On behalf of the Insured, I hereby agree to utilize this Section V. Release and Assignment.

Signature of Authorized Representative of the Insured: _[signature]_

Print Name: __Rick Hoffman__ / Title: __Credit Manager__ / Date: __06/11/18__

_____
Witness

2