## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE BON-TON STORES, INC., *et al.*, | Case No. 18-10248 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 632 & 1155** |

### ORDER GRANTING, IN PART, AND DENYING, IN PART, JOINT MOTION OF THE DEBTORS AND BON-TON PURCHASER FOR ENTRY OF AN ORDER AUTHORIZING (I) THE SALE OF CERTAIN OF THE DEBTORS' REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES TO THE BON-TON PURCHASER OR ITS DESIGNEE AND (II) GRANTING RELATED RELIEF

Upon the *Joint Motion of the Debtors and Bon-Ton Purchaser for Entry of an Order Authorizing (I) the Sale of Real Property Free and Clear of Liens, Claim, Interests, and Encumbrances and (II) Granting Related Relief* [D.I. 1155] (the "Motion"); and in connection with this Court's *Order, Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, Approving Sale of Certain of the Debtors' Assets and Granting Related Relief* [D.I. 632] (the "Sale Order") and the *Notice of Designation of Asset Purchaser* (the "Asset Designation Notice") to be filed by the Bon-Ton Purchaser, whereby the Bon-Ton Purchaser shall direct the above captioned debtors and debtors in possession (the "Debtors") to designate (such designation, the "Sale") the Bon-Ton Purchaser or its designee (the "Purchaser") as the purchaser of certain of the Debtors' personal and real property assets (the "Property"), a description of which is attached hereto as Exhibit A, free and clear of all Liens, Claims, encumbrances, and other interests of any kind (collectively, "Interests"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28

U.S.C. § 157; and adequate notice of the Motion having been given and it appearing that no other

notice need be given; and the Sale having been determined to be the highest or otherwise best

offer for the Property; and upon the *Objection to Joint Motion of the Debtors and the Bon-Ton*

*Purchaser for Entry of an Order Authorizing (I) the Sale of Real Property Free and Clear of*

*Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief* [D.I. 1170] (the

"Objection") filed by Edens Plaza LLC (the "Developer") and Edens Annex LLC (the

"Sublessee" and collectively with the Developer, "Edens"); and a sale hearing having been held

on October 25, 2018 (the "Sale Hearing") to consider the relief requested in the Motion with

respect to the Property and approval of the Sale; and appearances of all interested parties having

been noted on the record of the Sale Hearing; and the Court having heard arguments of counsel

at the Sale Hearing and, thereafter, the Court having issued an oral ruling on the record at the

Sale Hearing; and upon all of the proceedings had before this Court; and, this Court having

found and determined that the legal and factual basis set forth in the Motion and at oral argument

establish just cause for any relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    **Jurisdiction:**  This Court has jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1134.  Approval of the Sale to the Purchaser

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court enters this Order as a final

order consistent with Article III of the U.S. Constitution.

B.    **Venue:**  Venue of these cases in this district is proper pursuant to

28 U.S.C. § 1409(a).

C.    **Statutory Predicates:**  The statutory predicates for the approval of the Sale and transactions contemplated therein are sections 105, 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 4001, 6004 and 9014.

D.    **Notice:**  Proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with section 102(1), 105(a), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 6004, Local Bankruptcy Rule 6004-1, and in compliance with the Sale Order.  The notice provided by the Debtors was good, sufficient and appropriate under the circumstances, and no other or further notice of this matter is required.

E.    **Designation of Purchaser:**  Pursuant to the Asset Designation Procedures (as defined in the Sale Order) approved pursuant to the Sale Order, the Bon-Ton Purchaser has filed or will file, upon entry of this Order, the Asset Designation Notice (as defined in the Sale Order) designating the Purchaser as the purchaser of the Property.

F.    **Opportunity to be Heard:**  A reasonable opportunity to object or be heard regarding the relief requested in the Motion and the Sale to the Purchaser has been afforded to all interested persons and entities including, without limitation, the following: (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) all parties who are known by the Debtors to assert any lien, claim, interest or encumbrance in or upon the Property, (iv) the Developer under the REA, (v) the counterparties to the Master Lease, as defined in the Motion (the "Master Lease"); and the Sub-Ground Lease, as defined in the Motion (the "Sub-Ground Lease"); (vi) all applicable federal, state, and local taxing authorities (collectively, the "Taxing Authorities"), (vii) other applicable state and local governmental authorities; (viii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule

2002. Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

G.    **Marketing Process:**  As demonstrated by  (i) the testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors and the Bon-Ton Purchaser and its advisors have thoroughly marketed the Property and have conducted such process fairly and with adequate opportunity for parties that either expressed an interest in acquiring the Property, or who the Debtors believed may have an interest in acquiring Property, to submit competing bids for the Property.  The Debtors, the Purchaser and the Bon-Ton Purchaser have respectively negotiated and undertaken their roles leading to the Sale in a diligent, non-collusive, fair and good faith manner.

H.    **Business Judgment:**  The Sale to the Purchaser is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and their obligations under the Sale Order.  Good and sufficient reasons for the approval of the Sale have been articulated by the Movants.

I.    **Time of the Essence:**  Time is of the essence in effectuating the Sale without interruption to maximize the value that the Purchaser may realize from the Sale.  Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a) and 6004(h) and permit the immediate effectiveness of this Order.

J.    **Sale Free and Clear:**  Except to the extent set forth in this Order, pursuant to the Sale Order and the Asset Designation Procedures, the Debtors (as applicable) may sell the Property free and clear of all Interests as provided for herein because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code has been

satisfied.  A sale of the Property other than one free and clear of liens, claims, encumbrances,

defenses (including, without limitation, rights of setoff, except for setoff exercised prior to the

Petition Date or pursuant to section 365(h)(1)(B)) and interests, including, without limitation,

security interests of whatever kind or nature, mortgages, conditional sale or other title retention

agreements, pledges, deeds of trust, hypothecations, assignments, preferences, debts, easements,

suits, licenses, purchase rights,  options, rights-of-recovery, judgments, rights of first refusal or

rights of first offer, offset (except for offsets exercised prior to the Petition Date or pursuant to

section 365(h)(1)(B)), and/or recovery, claims for reimbursement, contribution, indemnity,

exoneration, products liability, alter-ego, environmental, tax (including foreign, state and local

taxes), labor, Employee Retirement Income Security Act of 1974 ("ERISA"), Comprehensive

Environmental Response, Compensation and Liability Act 42 U.S.C. §§ 9601 et seq.

("CERCLA") and/or other liabilities, causes of action, contract rights, orders and decrees of any

court or foreign or domestic governmental entity, licenses, covenants, restrictions, indentures,

loan agreements, instruments, collective bargaining agreements, leases, subleases, charges of any

kind or nature, including any restriction on the use, voting, transfer, receipt of income or other

exercise of any attributes of ownership, debts arising in any way in connection with any

agreements, acts, or failures to act, including any pension liabilities, retiree medical benefit

liabilities, liabilities related to the Internal Revenue Code, or any other liability relating to

Debtors' current and former employees, including any withdrawal liabilities or liabilities under

any collective bargaining agreement or labor practice agreement, of the Debtors or any of the

Debtors' predecessors or affiliates, to the fullest extent of the law, in each case, of any kind or

nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy

Code), whether known or unknown, pre-petition or post-petition, secured or unsecured, choate or

inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or

unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent,

statutory or non-statutory, liquidated or unliquidated, matured or unmatured, legal or equitable,

material or non-material, disputed or undisputed, whether arising before, on or after the date on

which these chapter 11 cases were commenced, and whether imposed by agreement,

understanding, law, equity or otherwise, including claims otherwise arising under doctrines of

successor liability, but specifically excluding, from any sale free and clear of Interests pursuant

to 11 U.S.C. § 363(f), any Interests under the REA or the Sub-Ground Lease, which Interests and

rights arising thereunder and related thereto are specifically preserved, except as otherwise set

forth in paragraphs L and 7 of this Order (collectively, the "Encumbrances"), and without the

protections of this Order deprive the Bon-Ton Purchaser of the benefits for which it bargained

when it agreed to pay the consideration provided for in the Agency Agreement (as defined in the

Sale Order).  In addition, subject to this Paragraph and Paragraph 1  hereof, each entity with an

Encumbrance upon the Property falls within the provisions of section 363(f) of the Bankruptcy

Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)

through (5) of the Bankruptcy Code has been satisfied.  Those holders of Encumbrances who did

not object, or who withdrew their objections, to the Motion are deemed to have consented

pursuant to section 363(f)(2) of the Bankruptcy Code.  Therefore, consummation of the Sale free

and clear of Encumbrances (subject to the terms and conditions of this Order) is appropriate

pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtors'

estates, their creditors and other parties in interest.

      K.    The recitation, in the immediately preceding paragraph of this Order, of

specific agreements, plans or statutes is not intended, and shall not be construed, to limit the

generality of the categories of liabilities, debts, commitments or obligations referred to as "Encumbrances" therein.

        L.   In accordance with the Court's oral ruling on the record at the Sale Hearing, the Property is being conveyed subject to interests under the Sub-Ground Lease and the REA, which the Court found give rise to covenants running with the land and, as such, the Property cannot be sold free and clear of the Sub-Ground Lease and the REA pursuant to Section 363(f) of the Bankruptcy Code nor can the REA be rejected in its entirety pursuant to Section 365 of the Bankruptcy Code, provided, however, that, based upon the Court's determination that Sections 8.2 and 23.3 of the REA (the "ROFO/Option Provisions") are severable from the REA pursuant to Section 26.4 and applicable law, and that the ROFO/Option Provisions, and only such provisions, are executory agreements, the Debtors are authorized to reject the ROFO/Option Provisions pursuant to 11 U.S.C. § 365(a); and that upon rejection, neither the Developer, nor the Sublessee, nor any other party may seek specific performance of the ROFO/Option Provisions as against the Debtors, the Bon-Ton Purchaser, the Purchaser, or any designee, successor or assignee of those parties. In addition, the Debtors are authorized to reject the Sub-Ground Lease pursuant to 11 U.S.C. § 365(a) and (h), subject to any rights of the Sublessee that may exist under 11 U.S.C. § 365(h)(1), which include the rights of use, possession, quiet enjoyment, subletting, assignment or hypothecation.

        M.   **Arms-length Sale:** The consideration paid by the Bon-Ton Purchaser under the Agency Agreement was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the rights to sell and dispose of the Property under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transfers Act, and the laws of the United States, any state, territory, possession thereof or the District of Columbia. The Sale to the Purchaser is fair

and reasonable under the circumstances and was not entered into with the intent to nor for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws. None of the Debtors, the Bon-Ton Purchaser, or the Purchaser is proposing to consummate the Sale fraudulently, for the purpose of statutory or common law fraudulent conveyance or fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction.

N.    **Good Faith:** The Debtors, the Bon-Ton Purchaser and the Purchaser, their management and their respective boards of directors or equivalent governing bodies, officers, directors, employees, agents, professionals and representatives, actively participated in the bidding process and acted in good faith. The Sale to the Purchaser was without collusion or fraud, and in good faith as that term is used in section 363(m) of the Bankruptcy Code. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and the court decisions applying or interpreting such provision, and is therefore entitled to the full protection of section 363(m) of the Bankruptcy Code with respect to the Sale and otherwise has proceeded in good faith in all respects in connection with this Sale. None of the Debtors, the Bon-Ton Purchaser, or the Purchaser has engaged in any conduct that would cause or permit the Sale or any related action or the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) of the Bankruptcy Code. The Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, the Purchaser has not acted in a collusive manner with any person and was not controlled by any agreement among bidders.

O.  **Insider Status:**  The Purchaser is not an "insider" of any Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.  No common identity of directors or controlling stockholders exists between, on the one hand, the Purchaser and, on the other hand, the Debtors.

P.  **Corporate Authority:**  The Debtors (i) have full corporate or other power to execute, deliver and perform their obligations with respect to the Sale, (ii) have all of the corporate or other power and authority necessary to consummate the Sale, and (iii) have taken all actions necessary to authorize and approve the Sale and the transactions contemplated thereby. No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate such transactions.  The consummation of the transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code.

Q.  **No Successor Liability:**  The sale, transfer or other disposition of the Property will not subject the Purchaser to any liability for claims, obligations or Encumbrances asserted against the Debtors or the Debtors' interests in such Property by reason of such transfer under any laws, including any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories.  By virtue of the consummation of the Sale, (i) the Purchaser is not a continuation of the Debtors and their respective estates, there is no continuity or continuity of enterprise between, on the one hand, the Purchaser and, on the other hand, the Debtors, and there is no common identity between, on the one hand, the Purchaser, on the other hand, the Debtors; (ii) the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates; and (iii) the Sale does not amount to a consolidation, merger or de facto merger of, on the one hand, the Purchaser and, on the other hand, the Debtors and/or the Debtors'

estates.  Accordingly, the Purchaser is not and shall not be deemed a successor to the Debtors or

their respective estates as a result of the consummation of the Sale.

      R.    **No *Sub Rosa* Plan:**  The Sale to the Purchaser neither impermissibly

restructures the rights of the Debtors' creditors, nor impermissibly dictates the terms of a chapter

11 plan of reorganization for the Debtors.  Consummation of the Sale does not constitute a *sub

rosa* chapter 11 plan.

      S.    **Third Party Rights**:  No third party beneficiary rights in any entity are

created as a result of the Sale to the Purchaser.

      T.    **Request for Immediate Relief and Waiver of Stay.**  Pursuant to the Motion,

the Debtors and the Bon-Ton Purchaser sought (a) immediate entry of an order granting the relief

herein, and (b) a waiver of any stay of the effectiveness of such an order.

      **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED THAT:**

      **A.    Motion Granted, In Part, and Objection Sustained, In Part**

      1.    The relief requested in the Motion as it relates to the Property is granted,

in part, and the Objection is sustained, in part, to the extent the Movants seek, pursuant to 11

U.S.C. § 363(f), to sell the Property free and clear of the Liens, Claims, Encumbrances and

Interests set forth in the REA and the Sub-Ground Lease, as set forth herein.  Any remaining

objections to the Motion or the relief requested therein, in either case, as they relate to the

Property, that have not been withdrawn, waived, or settled, and all reservations of rights included

in such objections are overruled on the merits with prejudice in all respects and denied.  All

parties and entities given notice of the Motion that failed to timely object thereto are deemed to

consent to the relief sought therein.

**B.     Sale Approved and Authorized**

2.      The Sale is hereby approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code.  The Debtors are authorized and empowered to take any steps necessary to consummate the Sale to the Purchaser. All of the provisions of this Order are nonseverable and mutually dependent.

3.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors, the Bon-Ton Purchaser and the Purchaser and each of their respective officers, employees and agents are hereby authorized and directed to execute such documents and to do such acts as are necessary or desirable to effectuate the Sale and each of the transactions and related actions contemplated or set forth therein.  Any officer of the Debtors is authorized to act on behalf of the Debtors in connection with the Sale and no other consents or approvals are necessary or required for the Debtors to carry out the Sale and each of the transactions and related actions contemplated or set forth therein.

**C.     Order Binding**

4.      This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, domain name registrars and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property; and each of the foregoing entities is hereby directed to accept any and all of the documents and instruments necessary and appropriate to consummate the Sale.

5.      This Order and the Sale shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Bon-Ton Purchaser, the Purchaser and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an Interest or Encumbrance in the Property, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.  The provisions of this Order and the Sale, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the Sale, as well as the rights and interests granted pursuant to this Order and the Sale, shall continue in these or any superseding cases and shall be binding upon the Debtors, the Bon-Ton Purchaser, the Purchaser and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, and any such successor shall continue to hold all Property strictly in trust for the benefit of the Purchaser.  Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order and the Sale, and the Purchaser and such trustee shall be and hereby are authorized to consummate the Sale upon the appointment of the trustee without the need for further order of this Court.

6.      If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Interests, Liens or Encumbrances against the Property will not have delivered to the Debtors prior to the Closing, in

proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, releases of all interests which the person or entity has with respect to

the Property or otherwise, then only with regard to the Property that is purchased by the

Purchaser pursuant to this Order, (i) the Debtors, the Bon-Ton Purchaser and the Purchaser are

hereby authorized to execute and file such statements, instruments, releases or other documents

on behalf of the person or entity with respect to the Property and (ii) the Purchaser is hereby

authorized to file, register or otherwise record a copy of this Order, which, once filed, registered

or otherwise recorded, will constitute conclusive evidence of the release of all Interests against

the Property; provided, however, except as set forth in Paragraphs L, 7, and 8 of this Order, the

recordation of this Order shall not constitute or be deemed to effectuate a release of any Interests

or Encumbrance that arise from the REA or Sub-Ground Lease.  This Order is deemed to be in

recordable form sufficient to be placed in the filing or recording system of each and every

federal, state or local government agency, department or office.

**D.**     **The ROFO/Option Provisions of the REA Are Severable, Are Executory Contracts, and Can Be Rejected.**

7.     Based upon this Court's determination that the ROFO/Option Provisions

of the REA are severable from the REA and such provisions constitute separate executory

contracts, the Debtors are hereby authorized to reject the ROFO/Option Provisions of the REA

pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

Upon rejection of the ROFO/Option Provisions no party, including, without limitation, the

Developer and the Sublessee, may seek specific performance of the ROFO/Option Provisions

and none of the Debtors, the Bon-Ton Purchaser, the Purchaser, or any designee, successor or

assignee of the above, ~~nor any other party,~~ shall be compelled to render specific performance of

the ROFO/Option Provisions.

E.     **The Sub-Ground Lease Is Hereby Rejected, Subject to Any Rights of Sublessee That May Exist Pursuant to 11 U.S.C. § 365(h)(1)**

8.     Based on the request of the Debtors and the Bon-Ton Purchaser pursuant to the Motion for authority to reject the Sub-Ground Lease, the Debtors' rejection of the Sub-Ground Lease pursuant to sections 105, 365(a) and 365(h) of the Bankruptcy Code and Bankruptcy Rule 6006 is approved, subject to any rights of Sublessee that may exist pursuant to section 365(h)(1) of the Bankruptcy Code.  Sublessee hereby elects to exercise its rights under Section 365(h)(1)(A)(ii), including, but not limited to, any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation that may exist under the Sub-Ground Lease, without further notice or submission, its consent to this Order constituting such affirmative election.

F.     **Good Faith.**

9.     None of the Debtors, the Bon-Ton Purchaser, or the Purchaser has engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.  The Sale is undertaken by the parties thereto without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Purchaser shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal.  The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of such transactions, unless such authorization is duly stayed pending such appeal.  The Purchaser is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.  The Sale is not subject to avoidance pursuant to section 363(n) or chapter 5 of the Bankruptcy Code and the Purchaser is entitled to all of the protections and immunities thereunder.

-14-

G.    **Other Provisions**

10.    **Applicable General Laws.**  Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory power that any entity would be subject to as the owner or operator of property after the date of entry of this Order.  Nothing in this Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under applicable non-bankruptcy law governing such transfers.  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist applicable non-bankruptcy law.

11.    **No Liability for Claims.**  The Purchaser shall not be liable for any claims against the Debtors, the assets of the Debtors or a trustee appointed in these chapter 11 cases, and the Debtors shall not be liable for any claims against the Purchaser, in each case, other than as expressly provided for in this Order.  The Purchaser shall have no successor or other liability whatsoever with respect to any Encumbrances, claims, or Interests of any nature that may exist against the Debtors, including, without limitation, the Purchaser shall not be, or be deemed to be: (i) a successor in interest or within the meaning of any law, including any revenue, successor liability, pension, labor, COBRA, ERISA, bulk-transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (ii) a joint employer, co-employer or successor employer with the Debtors, the Bon-Ton Purchaser and the Purchaser shall have any obligation to pay the Debtors' wages, bonuses, severance pay, vacation pay, WARN act claims (if any), COBRA claims, benefits or any other payments to employees of the

Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or

otherwise.   This Order will be effective as a determination that, as of Closing, all Interests in the

Property have been unconditionally released, discharged and terminated, and that the

conveyances described herein have been effected.

        12.    **Injunction**.  Except as otherwise provided for herein, all persons and

entities (and their respective successors and assigns) are hereby forever barred, estopped and

permanently enjoined from asserting any Interests in the Property against the Purchaser or its

affiliates, successors or assigns, its property or the Property.  No such persons or entities will

assert against the Purchaser or its affiliates, successors or assigns, their property or the Property,

any Interest with respect to the Property as a result of the transfer of the Property to the

Purchaser, including, without limitation, arising from or related to the ownership or operation of

the Property by the Debtors or any act or omission of the Debtors or their affiliates prior to the

Closing, including, without limitation successor liability or any products liability of the Debtors.

All entities are hereby forever prohibited and permanently barred, estopped, and enjoined from

taking any action that would adversely affect or interfere with the ability of the Debtors to sell

and transfer the Property to the Purchaser in accordance with the terms of this Order.

        13.    **Transfer of Property**.  All persons or entities in possession of some or all

of the Property are directed to surrender possession of such assets to the Purchaser or its designee

at the time of Closing.  To the extent provided by Section 525 of the Bankruptcy Code, no

governmental unit may revoke or suspend any permit or license relating to the operation of the

Property sold, transferred and conveyed to the Purchaser on account of the filing or pendency of

these Chapter 11 cases or the consummation of the transactions contemplated by the Sale.

14.     **Standing**. The Bon-Ton Purchaser, the Purchaser and Edens are parties in interest and shall have the ability to appear and be heard on all issues that would affect the rights of the Bon-Ton Purchaser, the Purchaser or Edens under this Order, and any issues related to or otherwise connected to the Sale. The Bon-Ton Purchaser, the Purchaser and Edens have standing to seek to enforce, among other things, the terms of this Order.

15.     **Subsequent Plan Provisions**. Nothing contained in any plan confirmed in the Debtors' chapter 11 cases or any order of this Court confirming such plan or in any other order in these chapter 11 cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the Sale or the terms of this Order. In the event there is a conflict between the terms of this Order and the terms of any subsequent chapter 11 plan or any order to be entered in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code), the terms of this Order shall control.

16.     **Modifications**. Any agreements, documents or other instruments related to the Sale to the Purchaser may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

17.     **Automatic Stay**. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified with respect to the Debtors to the extent necessary, without further order of this Court, to allow the Bon-Ton Purchaser and the Purchaser to take any and all actions permitted or required to effectuate the Sale. The Bon-Ton Purchaser and the Purchaser shall not be required to seek or obtain any further relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of their remedies with respect to the Sale or any document related to the Sale.

18.    **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction with regard to all issues or disputes relating to or arising out of this Order or the Sale.

19.    **No Stay of Order**. Notwithstanding Bankruptcy Rules 4001 and 6004, or any other law that would serve to stay or limit the immediate effect of this Order, and finding that ample cause exists , this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  None of the Debtors, the Bon-Ton Purchaser or the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors, the Bon-Ton Purchaser and the Purchaser are free to take any and all actions necessary to consummate the Sale.

20.    **No Bulk Sales**. No bulk sales law, or similar law of any state or other jurisdiction will apply in any way to the transactions contemplated by the Sale.

21.    **Further Assurances**. From time to time, as and when requested, the Debtors, the Bon-Ton Purchaser and the Purchaser shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as the requesting party may reasonably deem necessary or desirable to consummate the Sale.

22.    **Governing Terms**. To the extent this Order is inconsistent with any prior order or pleading in these chapter 11 cases, the terms of this Order shall govern.

23.    **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

24.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

25.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

26.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

Dated:  November 30, 2018
Wilmington, Delaware