# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE BON-TON STORES, INC., *et al.*,[1] | Case No. 18-10248 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 3497 |

## ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE ENTERED INTO BY AND BETWEEN (A) THE DEBTORS, (B) GA RETAIL INC., TIGER CAPITAL GROUP, LLC AND WILMINGTON SAVINGS FUND SOCIETY, FSB, AND (C) GIII APPAREL GROUP LTD.

Upon the certification of counsel (the "Certification")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), on behalf of the Debtors, Purchaser and GIII Apparel Group Ltd. (collectively, the "Settling Parties"), seeking entry of an order approving a settlement agreement by and between the Settling Parties; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Certification in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice is adequate and no other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075). The mailing address for the above-captioned Debtors is P.O. Box 20159, York, Pennsylvania 17402.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Certification.

1

or further notice need be given; and this Court having found that the relief sought in the Certification is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and consistent with the Agency Agreement and the Sale Order approving such agreement,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Settlement Agreement attached hereto as <u>Exhibit 1</u> is approved in its entirety.

    2.    The Debtors are authorized to enter into the Settlement Agreement with the other Settling Parties, and to take any and all actions necessary and appropriate to consummate the Settlement Agreement, including, without limitation, executing and delivering any documents, agreements or instruments and remitting payments, as may be necessary or appropriate to implement the Settlement Agreement.

    3.    GIII shall pay Purchaser the amount of $350,000 pursuant to, and consistent with, paragraph 2 of the Settlement Agreement.

    4.    This Order and the Settlement Agreement shall be binding on the Debtors, Purchaser and GIII, any of the foregoing parties' successors and/or assigns, and all other creditors and parties in interest in the chapter 11 cases (including, without limitation, the Committee, any trustee or examiner appointed in the chapter 11 cases or any chapter 7 trustee, or any other person, party or entity to, in any jurisdiction anywhere in the world, directly or indirectly).

    5.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rule 6004: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the

implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

6. The automatic stay in the chapter 11 cases is hereby modified to the extent necessary to permit the implementation of the terms of the Settlement Agreement.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from the Settlement Agreement or the implementation of this Order.

**Dated: January 9th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**