# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE BON-TON STORES, INC., *et al.*,[1] | Case No. 18-10248 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 1280 |

### INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES; (II) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1017, 2002, and 6007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075). The mailing address for the above-captioned Debtors is P.O. Box 20159, York, Pennsylvania 17402.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

01:24096382.2

and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to establish the Carve-Out Reserve from the Carve-Out Account, and to take any action reasonably necessary to ensure that the Carve-Out Reserve is established free and clear of any and all claims, liens, security interests, or encumbrances. To the extent that any funds remain in the Carve-Out Reserve after paying the wind-down obligations, including but not limited to fees and expenses incurred to dissolve the Debtors post-dismissal, the Debtors will promptly return such funds to the Purchaser.

3. The Debtors shall file appropriate tax returns for the tax year ending December 31, 2018, provided that such filing is conditioned upon the Debtors having sufficient funds available from the Purchaser to pay any fees and costs incurred in preparing such tax returns and to continue to employ an officer or any other employee necessary to execute and file the tax returns.

4. All of the Debtors' executory contracts and leases, to the extent not rejected by prior Court order or having expired by their own terms, shall be deemed rejected as of the date of entry of this Order.

5. Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals that have not obtained entry of a final order approving their fees shall file final fee applications for Professional Fees by February 21, 2019. Any objections to the Final Fee Applications shall be filed, and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, by the twentieth day after such

fee statement is filed at 4:00 p.m. (Eastern Time).  The Court will hold a hearing, if necessary, on March 20, 2019 at 10:30 a.m. (ET) to resolve any disputes related to Final Fee Applications.

6. After Final Fee Applications have been heard, allowed Professional Fees have been paid, U.S. Trustee fees have been calculated and reserved, and the Carve-Out Reserve has been funded, the Debtors shall file all monthly operating reports for periods up to and including the entry of this Order, and shall pay all U.S. Trustee fees in full.  For the avoidance of doubt, the Debtors shall pay U.S. Trustee fees on account of all Professional Fees disbursed in accordance with approved Final Fee Applications, notwithstanding that such U.S. Trustee fees may relate to disbursements made after entry of this Order.  Upon payment of the fees outlined in this paragraph, and establishment of the Carve-Out Reserve, the balance of any amounts held in the Carve-Out Account shall be remitted to the Purchaser.

7. The Purchaser or its designees shall be authorized to deposit, into their bank or other accounts, any checks that are payable to the Debtors and that constitute Assets or proceeds of Assets designated by the Purchaser on or before the Designation Rights Termination Date.

8. As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Professional Fees, and establishment of the Carve-Out Reserve from the Carve-Out Account, the Debtors shall file a certification of counsel (the "Certification") requesting entry of the Dismissal Order, a copy of which is attached hereto as Exhibit I.  Among other things, the Certification should verify that (a) all U.S. Trustee have been paid in full; (b) Professional Fees incurred in the Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full; (c) the Carve-Out Reserve has been established;

01:24096382.2

and (d) the Debtors have provided the Purchaser with possession and control of the Books and Records designated by the Purchaser on or before the Designation Rights Termination Date.

9. The Certification shall be served only on the Notice Parties and no further notice regarding the dismissal of the Chapter 11 Cases shall be required because all of the Debtors' creditors have received reasonable notice of the proposed dismissal through the Dismissal Notice.

10. Notwithstanding entry of this Order, the *Objection of Commonwealth Edison Company to Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases; (II) Establishing Procedures with Respect to Final Fee Applications; (III) Directing the Debtor Entities to be Dissolved; and (IV) Granting Related Relief* ]D.I. 1306] (the "<u>ComEd Objection</u>", filed by Commonwealth Edison Company ("<u>ComEd</u>"), will be heard concurrently with ComEd's *Application of Commonwealth Edison Company for Allowance and Payment of Administrative Expenses* [D.I. 1285] (the "<u>ComEd Motion</u>") at the hearing scheduled for March 8, 2019 at 11:30 a.m. (ET) (the "<u>March 8th Hearing</u>"), to the extent not resolved in advance thereof, and the Chapter 11 Cases shall not be dismissed, nor the Certification filed, prior to a consensual or adjudicated resolution of the ComEd Objection no later than the March 8th Hearing.

11. The Debtors shall pay quarterly fees to the U.S. Trustee for all disbursements made by each Debtor until such time as such Debtor's case is dismissed, notwithstanding that the Debtors shall only be required to file monthly operating reports for the periods concluding upon entry of this Order.

12. For the avoidance of doubt, the Debtors will not destroy, abandon or otherwise dispose of any documents related to the Carson Pirie Scott Pension Plan.

13. Notwithstanding anything herein to the contrary, all of Comenity Bank's ("Comenity") rights and obligations in paragraph 67 of the Sale Order [D.I. 632] survive dismissal of these Chapter 11 Cases, except as specifically modified below. Purchaser and/or Purchaser's designee, BTD Residue Assets Liquidation Holdings, LLC (collectively, the "BT Purchaser") shall receive possession (but not ownership) of the documents in the Debtors' possession which refer or relate to the Private Label Agreement (as defined in the Sale Order), whether in hard copy or electronic form, including private label credit card transaction records (collectively, the "Comenity Documents"). BT Purchaser shall: (a) continue to preserve and provide Comenity with access to the Debtors' records related to credit transactions as provided in the Private Label Agreement; and (b) not use and shall maintain the confidentiality of the Private Label Agreement and the Comenity Documents in accordance with clause (viii) of paragraph 67 of the Sale Order. Comenity shall have the right to acquire, take possession or arrange and cause the transfer of the Comenity Documents, by any means reasonably satisfactory to Comenity and the BT Purchaser or by paying the BT Purchaser the reasonable, actual costs to effect that transfer, and BT Purchaser and Comenity agree to work in good faith to determine those costs. In the event that the BT Purchaser seeks to destroy and not retain any copies of the Comenity Documents, the BT Purchaser shall provide Comenity with thirty (30) days written notice. If Comenity does not object to such destruction or does not exercise the right to acquire the Comenity Documents within such 30-day period, the BT Purchaser shall destroy (and not retain any copies) of the Comenity Documents; provided, however, that the BT Purchaser shall not seek to destroy the Comenity Documents prior to October 1, 2019.

14. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

01:24096382.2

15. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

01:24096382.2  **Dated: February 1st, 2019**
**Wilmington, Delaware**

*[signature]*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**