IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BON-TON STORES, INC., *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 18-10248 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1280 & 1436 |

## ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES

Pursuant to the *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases; (II) Establishing Procedures With Respect to Final Fee Applications; (III) Directing the Debtor Entities to be Dissolved; and (IV) Granting Related Relief* [D.I. 1280] (the "Motion")[2], filed on January 10, 2019, (ii) that certain initial Order granting the Motion, entered on February 1, 2019 [D.I. 1436], and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Cases*, filed on March 29, 2019, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

      1.      The Motion is GRANTED as set forth herein.

      2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Bon-Ton Stores, Inc. (5229); The Bon-Ton Department Stores, Inc. (9309); The Bon-Ton Giftco, LLC (2805); Carson Pirie Scott II, Inc. (2140); Bon-Ton Distribution, LLC (5855); McRIL, LLC (5548); Bonstores Holdings One, LLC (8574); Bonstores Realty One, LLC (8931); Bonstores Holdings Two, LLC (8775); and Bonstores Realty Two, LLC (9075). The mailing address for the above-captioned Debtors is P.O. Box 20159, York, Pennsylvania 17402.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:24302990.1

3. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each of the Chapter 11 Cases are dismissed effective as of the entry of this Order.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Sale Order, the Agency Agreement approved thereby, and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*; provided, further, that the Purchaser's and Debtors' obligations, if any, under the Sale Order and the Agency Agreement shall survive dismissal of these Chapter 11 Cases.

5. Each of the Professional's retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms, provided, however, that such firms are authorized to effectuate the dissolution of each Debtor entity as contemplated herein.

6. The Purchaser or its designees shall be authorized to deposit, into their bank or other accounts, any checks that are payable to the Debtors and that constitute Assets or proceeds of Assets designated by the Purchaser on or before the Designation Rights Termination Date.

7. For the avoidance of doubt, the Debtors will not destroy, abandon or otherwise dispose of any documents related to the Carson Pirie Scott Pension Plan.

8. Upon entry of this Order, Prime Clerk LLC ("Prime Clerk"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and

01:24302990.1

noticing agent in these Chapter 11 Cases; provided that Prime Clerk shall provide the services described in this paragraph and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Prime Clerk in connection with these Chapter 11 Cases or, to the extent such retainer has been exhausted, the Professional Fee Reserve as appropriate.  In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Prime Clerk shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

9. Without the need for further action on the part of this Court and without the need for further corporate action or action of the board of directors of the Debtors, the Debtors are authorized to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution. Any officer or other authorized representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.  This Order, and dismissal of the Debtors' Chapter 11 Cases, shall not prejudice any rights of Wisconsin Mall Properties, LLC ("Wisconsin Mall") with respect to any dissolution of the Debtors, including to object to or oppose such dissolution in accordance with applicable state law.

10. Notwithstanding anything to the contrary, this Order is without prejudice to litigation commenced by Wisconsin Mall before the Petition Date and currently pending

01:24302990.1

against the Debtors, including Wisconsin Mall's rights to continue such litigation in accordance with applicable law upon entry of this Order, and the Debtors' rights with respect thereto are fully reserved.

11.  Notwithstanding anything herein to the contrary, all of Comenity Bank's ("Comenity") rights and obligations in paragraph 67 of the Sale Order [D.I. 632] survive dismissal of these Chapter 11 Cases, except as specifically modified below.  Purchaser and/or Purchaser's designee, BTD Residue Assets Liquidation Holdings, LLC (collectively, the "BT Purchaser") shall receive possession (but not ownership) of the documents in the Debtors' possession which refer or relate to the Private Label Agreement (as defined in the Sale Order), whether in hard copy or electronic form, including private label credit card transaction records (collectively, the "Comenity Documents").  BT Purchaser shall: (a) continue to preserve and provide Comenity with access to the Debtors' records related to credit transactions as provided in the Private Label Agreement; and (b) not use and shall maintain the confidentiality of the Private Label Agreement and the Comenity Documents in accordance with clause (viii) of paragraph 67 of the Sale Order.  Comenity shall have the right to acquire, take possession or arrange and cause the transfer of the Comenity Documents, by any means reasonably satisfactory to Comenity and the BT Purchaser or by paying the BT Purchaser the reasonable, actual costs to effect that transfer, and BT Purchaser and Comenity agree to work in good faith to determine those costs.  In the event that the BT Purchaser seeks to destroy and not retain any copies of the Comenity Documents, the BT Purchaser shall provide Comenity with thirty (30) days written notice.  If Comenity does not object to such destruction or does not exercise the right to acquire the Comenity Documents within such 30-day period, the BT Purchaser shall destroy (and not retain

any copies) of the Comenity Documents; <u>provided</u>, <u>however</u>, that the BT Purchaser shall not seek to destroy the Comenity Documents prior to October 1, 2019.

12. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

13. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

14. Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court, including this Order, entered in the Chapter 11 Cases.

01:24302990.1     **Dated: March 29th, 2019**
                  **Wilmington, Delaware**

                                                    **MARY F. WALRATH**
                                                    **UNITED STATES BANKRUPTCY JUDGE**